```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL JOHN SCELZA, 23-B-5683,

                          Plaintiff,

            -against-

VERONICA SCELZA, ANTOINETTE SCELZA,
DEPARTMENT OF SUFFOLK COUNTY
CORRECTIONS,

                          Defendants.
-----------------------------------------------------------------X
```

FILED
CLERK
2:23 pm, May 28, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
24-CV-2378(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application of Michael John Scelza ("Plaintiff") to proceed *in forma pauperis* ("IFP") in relation to his *pro se* complaint filed while he is incarcerated at the Attica Correctional Facility and complaining of events alleged to have occurred while he was detained at the Suffolk County Correctional Facility ("SCCF"). *See* Docket Entry "DE" 1, 5. Upon review of Plaintiff's submissions, the Court finds that he is qualified by his financial position as reported in his IFP application to proceed without prepayment of the filing fee. Accordingly, the application to proceed IFP (DE 5) is granted. However, for the reasons that follow, the Court finds that Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

## BACKGROUND

The present complaint is Plaintiff's fourth IFP complaint alleging claims relating to his detention at the SCCF's Riverhead location.[1] Like his earlier pleadings, the present complaint is

---

[1] *See* 23-CV-5825(GRB)(JMW) *Scelza v. Porter, et al.* (IFP complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) where none of the defendants were state actors); 23-CV-8106(GRB)(JMW) *Scelza v. SCCF, et al.* (IFP complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for lack of: (1) state action; (2) personal involvement; and (3) the capacity to be sued); and 24-CV-492(GRB)(JMW) *Scelza v. Dep't of Suffolk County Corr., et al.*

submitted on the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and is brief. *See* DE 1. Plaintiff names Veronica Scelza ("Veronica"), Antoinette Scelza ("Antoinette"), and the Department of Suffolk County Corrections ("DSCC" and collectively, "Defendants") as defendants. Plaintiff again alleges that, while detained at the SCCF's Riverhead location, he "was poisoned, beaten, and robbed of food" and "[b]oth staff of the Jail and inmates are responsible for all the terrible and heinous things that happened in the past." *Id.* ¶ IV. In addition, for the first time, Plaintiff alleges that "Veronica and Antoinette (wife and daughter) lied to the People of the State of New York, resulting in me being convicted of Rape in the first degree on September 8th, 2023." *Id.*

In the space that calls for a description of any injuries suffered and any medical treatment required and/or received Plaintiff wrote: "scarring on feet by E.S.U. . . infection in stomic. Mental mind state from being sexually assaulted." *Id*. at ¶ IV.A. For relief, Plaintiff seeks to recover a damages award in the sum of $25,000 each from Veronica and Antoinette and $10 million from the Suffolk County Correctional Facility." *Id.* at ¶ III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). Having already granted Plaintiff's IFP application (DE 8), the Court turns to the merits of the amended complaint.

---

(IFP complaint and amended complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to plausibly allege a deliberate indifference claim challenging the conditions of Plaintiff's confinement at the SCCF).

I.  **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

**DISCUSSION**

I.      **The Complaint Fails to Allege a Plausible Federal Claim**

In dismissing Plaintiff's complaint against three inmates at the SCCF in his case assigned docket number 23-CV-5825, the Court made clear that:

> "[T]he United States Constitution regulates only the Government, not private parties." *Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 323 (2d Cir. 2002). Thus, Plaintiff's Section 1983 claim against the Defendants, three fellow inmates at the SCCF, necessarily fail because the Defendants are not state actors. *See Wing* v. *Myers,* No. 18-CV-11056, 2019 WL 6732967, at *6 (S.D.N.Y. Dec. 11, 2019) (dismissing Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B) because the defendants "are inmates, and not state actors. As such, Plaintiff cannot reach their conduct in this lawsuit.') (citing *Wright* v. *Stallone,* No. 17-CV-487, 2018 WL 671256, at *8 n.8 (N.D.N.Y. Jan. 31, 2018) (dismissing claims against three inmates who "are not state actors" in a § 1983 suit (citation omitted)); *Lewis* v. *Doe,* No. 13-CV-3190, 2013 WL 5923723, at* 1 (E.D.N.Y. Oct. 31, 2013) (dismissing the plaintiff's § 1983 claims against "another inmate, who is not a state actor"); *see generally Am. Mfrs. Mut. Ins. Co.* v. *Sullivan,* 526 U.S. 40, 50 (1999) ("[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and quotation marks omitted)). Although Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights, *Ciambriello,* 292 F.3d at 323-24, Plaintiff has not alleged that the Defendants conspired or jointly acted with a state actor to violate his constitutional rights.

*See Scelza v. Porter, et al.*, 23-CV-5825(GRB)(JMW), 2023 WL 5625449, at *3 (E.D.N.Y. Aug. 31, 2003), *judgment entered*, 2023 WL 7553882 (E.D.N.Y. Oct. 31, 2023).[2]  Notwithstanding this guidance, Plaintiff again seeks to impose Section 1983 liability on private parties, namely his wife and daughter.  Given that neither Veronica nor Antoinette are state actors, and the absence of any facts from which the Court could reasonably construe that they conspired with a

---

[2] The Court provided similar guidance in dismissing Section 1983 claims Plaintiff alleged against another inmate in his complaint under docket number 23-CV-8106.  *See Scleza v. Suffolk County Corr. Fac., et al.*, 23-CV-8106 (GRB)(JMW), 2023 WL 8456069, at *3 (E.D.N.Y Dec. 5, 2023).  There, Plaintiff was afforded several opportunities to amend his complaint (*see* Elec. Orders dated January 9, 2024 and February 26, 2024), and, having failed to do so, judgment was entered on April 8, 2024.  (DE 15.)

state actor or acted jointly with a state actor, Plaintiff's Section 1983 claims against them are not plausible, are frivolous, and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

Similarly, in dismissing Plaintiff's complaint under docket number 23-CV-8106 against the SCCF, the Court explained:

> [T]he Jail, as an administrative arm of the municipality, Suffolk County, is without an independent legal identity and cannot be sued. *Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the Jail, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010)).

Given Plaintiff's *pro se* status and the special solicitude afforded such litigants, the Court has considered whether he has alleged a plausible claim when construed as against the municipality, Suffolk County, and finds that he has not. As this Court has recently explained:

> Municipal governments, like Suffolk County, may be held liable under Section 1983 'only for unconstitutional or illegal policies, not for the illegal conduct of their employees.' *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section 1983, 'the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.' (*id.*) (internal quotation marks and citation omitted).

*Parker v. Suffolk County Police Dep't*, No. 22-CV-3969(GRB)(AYS), 2023 WL 5047784, at *6 (E.D.N.Y. Aug. 7, 2023). Here, as is readily apparent, Plaintiff's sparse complaint is devoid of any such allegations. Plaintiff has not pled that the allegedly unconstitutional medical treatment -- or lack thereof -- were the result of a policy or practice of Suffolk County. *See, e.g.*, *Parker*, 2023 WL 5047784, at *6 (citing *Joyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010)) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to 'allege

5

> that her constitutional rights were violated pursuant to any municipal policy or custom'). Nor has Plaintiff included any facts in support of his failure to protect claim that would allow this Court to reasonably infer that a policy, practice, or custom of Suffolk County gave rise to the alleged attack.

*Scelza*, 2023 WL 8456069, at *3-4 (E.D.N.Y. Dec. 5, 2023); *see also Scelza v. Dep't of Suffolk Cnty. Corr. et al.*, No. 24-CV-00492(GRB)(JMW), 2024 WL 1211339, at *1 (E.D.N.Y. Mar. 21, 2024) (dismissing claims against the Suffolk County Sheriff's Department or the SCCF because "these entities are administrative arms of the municipality, Suffolk County, and each lack an independent legal identity and cannot be sued.") (citing *Scelza*, 2023 WL 8456069, at *3) (citing *Sturgis v. Suffolk Cnty. Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013)) (*sua sponte* dismissing Section 1983 claims against the Jail, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. Cnty. of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010)).  Further, Plaintiff continued to name the SCCF as a defendant in an amended complaint he filed under docket no. 24-CV-00492.  In dismissing the amended complaint there, the Court again made clear that the "Suffolk County Correctional Facility" is an "administrative arm[] of the municipality, Suffolk County, and [] lack[s] an independent legal identity and cannot be sued." *Scelza v. Dep't of Suffolk Cnty. Corr., et al.*, No. 24-CV-00492(GRB)(JMW), 2024 WL 1934220, at *3 (E.D.N.Y. May 2, 2024) (citing *Scelza*, 2023 WL 8456069, at *3 (add'l citation omitted)).

Notwithstanding this guidance to Plaintiff in two earlier cases in this Court, he continues to seek relief against the SCCF and includes no facts from which the Court could plausibly allege a Section 1983 claim as against the municipality, Suffolk County.  Accordingly, this claim too is frivolous and is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the amended complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint.

## III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff has now pursued similar, frivolous claims in this Court in four cases with a

7

total of five complaints and amended complaints.[3]  Plaintiff has not cured any of the deficiencies the Court has identified nor does he attempt to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8.  Indeed, the Court explained in two orders dismissing Plaintiff's complaint and amended complaint, respectively, under docket number 24-CV-00492:

> [T]he purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). *Pro se* pleadings are not exempt from the notice requirements of Rule 8, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (alteration in original) (quoting *Twombly*, 550 U.S. at 555). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

*Scelza*, 2024 WL 1211339, at *5; *Scelza*, 2024 WL 1934220, at *2.  Enough is enough.  *See In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *see also Zaerpour v. Bank of America, et al.*, 23-845, 2024 WL 2069555, at *2 (2d Cir. May 9, 2024) (affirming dismissal of frivolous *pro se* complaint without leave to amend noting the "various opportunities to replead that [plaintiff] received by virtue of his three prior lawsuits.").  Given that Plaintiff has ignored the Court's guidance with regard to the

---

[3] Plaintiff has also filed a Notice of Appeal in his cases assigned docket numbers 23-CV-5825 (*see* DE 8) and 23-8106 (*see* DE 16.)

minimal pleading requirements and substantive deficiencies in his claims, leave to amend the complaint here would be futile and is thus denied.

### III. Section 1915 Privilege

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted). As *in forma pauperis* status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted). Indeed, to help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). That rule generally prevents a prisoner from bringing suit *in forma pauperis*—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders. *See Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)). Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is

9

barred from proceeding *in forma pauperis* in the instant action. *See id.* As such,

> [T]he district court judgments should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)) (purgandum).[4]

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of *in forma pauperis* status). This access, however, when done through *in forma pauperis* status, is not unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal *in forma pauperis* unless he is in imminent physical danger—regardless of the meritoriousness of the case. *See, e.g., Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's *in forma pauperis* action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's *in forma pauperis* case alleging campaign of police harassment and retaliation and a physical assault under the three-

---

[4] *See Farmers Property and Casualty Insur. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

10

strikes rule). Indeed, "[r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation. And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding *in forma pauperis* here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or appeals *in forma pauperis*.

## CONCLUSION

Based on the foregoing, Plaintiff's IFP application (DE 5) is granted; however, the complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Memorandum and Order to the *pro se* Plaintiff at his address of record in an enveloped marked "Legal Mail" and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ **Gary R**. Brown

_____
**Gary R. Brown**
**United States District Judge**

Dated: May 28, 2024
       Central Islip, New York

12